**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4819**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SINCLAIR ARCHIBALD MYERS, a/k/a Lyndon Francis Lyndon, a/k/a Elijah Josiah Middleton, a/k/a Frances Lyndon, a/k/a Stephen Calvin Joseph,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:10-cr-00028-JRS-1)

_____

Submitted: April 20, 2011      Decided: August 9, 2011

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Valencia D. Roberts, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sinclair Archibald Myers pled guilty without a plea agreement to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). He received a within-Guidelines sentence of eighty-four months' imprisonment. On appeal, he argues his sentence is procedurally unreasonable because the district court misunderstood its authority to depart from the Guidelines range, and failed to provide sufficient explanation for its chosen sentence. He further argues his sentence is substantively unreasonable, alleging no empirical support for the illegal reentry Guideline and the Guideline's severity does not relate rationally to the offense levels established for other offenses. We vacate and remand for resentencing.

I.

In the presentence report ("PSR"), the probation officer assigned Myers a base offense level of eight. U.S. Sentencing Guidelines Manual § 2L1.2(a) (2009). Sixteen levels were added because at least one of Myers' prior conviction was for a drug trafficking offense for which the sentence imposed exceeded thirteen months. See USSG § 2L1.2(b)(1)(A). After application of a three-level adjustment for acceptance of responsibility, Myers' resulting offense level was twenty-one.

2

This offense level and a criminal history category of V generated an advisory Guidelines range of seventy to eighty-seven months' imprisonment.

Myers filed a sentencing memorandum in which he stated he had no objections to the PSR and stipulated that the Guidelines range had been properly calculated. However, based on various 18 U.S.C. § 3553(a) factors, he requested a "sentence no greater than the low end of the [G]uideline[s] range." The Government responded and, citing to the 18 U.S.C. § 3553(a) (2006) factors, requested a top-of-the-Guidelines sentence of eighty-seven months' imprisonment.

At sentencing, defense counsel again noted no objections to the PSR and asked the court "to impose a sentence no greater than 70 months." Counsel added, "I know that that's the low end of the recommended or Advisory Guidelines, but I still think it is appropriate." Counsel then proffered "three additional factors" in support of his written sentencing memorandum. First, he clarified that he was not objecting to the sixteen-level enhancement as it was appropriately applied under the Guidelines. However, he argued "there does not seem to be any empirical data or study conducted by the . . . Sentencing Commission that would tie or directly relate to th[e] 16-level increase." While acknowledging that it was an argument that the district court had heard and considered before, defense

3

counsel suggested it was a factor the district court could take into consideration. Second, he maintained that the enhancement constituted double-counting as his prior convictions had already been taken into consideration in establishing his criminal history category. Again, he acknowledged that the Fourth Circuit has held that the enhancement is not considered double-counting, but urged the district court to at least consider it as a factor in determining an appropriate sentence. On these grounds, he urged the district court to fashion a sentence "lower than the Advisory Guidelines Range." Third, he urged the district court to consider that the Fourth Circuit had not adopted a fast-tracking system, which affords defendants in border states up to a four-level departure.[1] Additionally, defense counsel cited to various § 3553(a) factors, noting Myers was not in need of educational rehabilitative services as he is a skilled carpenter, that the need to promote respect for the law requires avoiding sentence disparities, and that Myers will be deported upon release. The Government, observing that defense counsel raised the arguments pertaining to the

---

[1] "Fast-tracking refers to a procedure that originated in states along the United States-Mexico border, where district courts experienced high caseloads as a result of immigration violations." United States v. Perez-Pena, 453 F.3d 236, 238 (4th Cir. 2006). In conformity with that practice, prosecutors seek to obtain pre-indictment pleas by offering to move for a downward departure under USSG § 5K3.1.

4

enhancement for the first time at sentencing, responded that Myers' arguments against application of the sixteen-level enhancement have repeatedly been rejected by the Fourth Circuit. The Government added that the fast-tracking disparity argument too has been rejected by the Fourth Circuit and that, in any event, Myers would not qualify for the motion.

The district court rejected Myers' arguments under § 3553(a) as meritless. With respect to his arguments concerning the sixteen-level enhancement, the district court stated:

> The bottom line is that this Offense Level of 21 is fully supported. The Fourth Circuit is clear about these arguments of double counting and that 16-point enhancement. And again, I'm sitting here in the Fourth Circuit and I am not the King of the World. I cannot undo what they have done. Because I, unlike Mr. Myers, abide by the law.
>
> Now, so all of these objections or requests for some kind of lenient treatment flowing from these arguments will be rejected by the Court.

Accordingly, the district court sentenced Myers within the Guidelines range to eighty-four months' imprisonment.

II.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.;

5

see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this Court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Where, as here, the district court imposes a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). However, that explanation must be sufficient to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted).

Here, Myers does not dispute that the district court properly calculated his Guidelines range under the advisory Guidelines. Rather, he argues that the district court, relying on cases prior to the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), believed it did not have the authority to disagree with the Commission's policy behind the sixteen-level enhancement and impose a lower sentence on that basis.

The standard of review this court employs when reviewing the procedural adequacy of a sentence on appeal depends on whether the error was asserted in the district court. If the party properly preserved its claim, this court reviews for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." Lynn, 592 F.3d at 576, 578. The Government argues that Myers' challenge to the procedural reasonableness of his sentence should be reviewed for plain error because he specifically requested a sentence within the advisory Guidelines range. Our review of the record discloses that defense counsel did in fact argue that the merit of Myers' challenge to the policy behind the sixteen-level enhancement was "reason enough that the Court can go below the Guidelines Range." We therefore conclude that Myers preserved his claim. See Lynn, 592 F.3d at 578 ("By drawing arguments from § 3553 for a sentence different than the one ultimately

7

imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim."); cf. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error because defendant did not argue for a sentence different from the sentence that he received).

It is now well established that a court may consider policy objections to the Sentencing Guidelines. See Kimbrough, 552 U.S. at 101-07. In Kimbrough, the Supreme Court held that a district court may deviate from the advisory Guidelines range for crack cocaine offenses based on a conclusion that the disparity between ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of § 3553(a). 552 U.S. at 91.

In his sentencing memorandum, Myers posited no objections to the calculation of the Guidelines range; at sentencing, defense counsel again noted no objections to the Guidelines range. It is clear, however, that defense counsel sought to advance policy arguments mitigating application of the enhancement which the court in its discretion, under Kimbrough, could have espoused in fashioning Myers' sentence. In responding to Myers' argument, the district court stated that the Fourth Circuit was clear about arguments regarding the

8

sixteen-level enhancement. Specifically, the district court judge pronounced he "could not undo what the Fourth Circuit has done." The record does not conclusively indicate that the district court was unaware of its authority to impose a variance sentence based on a disagreement with the policy behind the illegal reentry Guideline. Rather, in our view, the district court simply misconstrued Myers' argument as a direct challenge to the application of the sixteen-level enhancement in establishing Myers' Guidelines range. However, we conclude the record supports Myers' argument of procedural error with respect to his policy arguments for a downward variance.

Under a harmless error standard, the Government bears the burden of establishing that the error did not affect Myers' substantial rights. United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006). Specifically, the Government "may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted). In its response, the Government states, "If the defendant had asked for a sentence *outside* the advisory guideline range, then perhaps the record might support

the reading that the defendant tries to give it, but here the defendant made his challenge to the immigration guidelines *while asking for a sentence within the guideline range.*"

Because we review the procedural reasonableness of Myer's sentence for harmless error, Myers properly raised below policy arguments in support of a downward variance, the district court did not expressly adopt or reject those arguments instead noting it was bound by Fourth Circuit law, and the Government has not shown harmless error, we vacate Myers' judgment and remand for resentencing.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] Of course, by this disposition, we indicate no opinion as to whether the eighty-four month sentence was substantively reasonable.