**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5057**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

SINCLAIR ARCHIBALD MYERS, a/k/a Lyndon Francis Lyndon, a/k/a
Elijah Josiah Middleton, a/k/a Frances Lyndon, a/k/a Stephen
Calvin Joseph,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, Chief
District Judge. (3:10-cr-00028-JRS-1)

Submitted:  June 25, 2012        Decided:  July 16, 2012

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Valencia D. Roberts, Assistant Federal Public Defenders,
Richmond, Virginia, for Appellant.  Stephen David Schiller,
Assistant United States Attorney, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Sinclair Archibald Myers pled guilty to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal of his eighty-four-month sentence, Myers claimed his sentence was procedurally and substantively unreasonable. Expressing no opinion as to whether Myers' sentence was substantively reasonable, we vacated the judgment and remanded to the district court for consideration of Myers' policy arguments in mitigation of the sixteen-level enhancement. United States v. Myers, 442 F. App'x 763 (4th Cir. 2011) (No. 10-4819). On remand, the district court, after expressly considering Myers' policy arguments, again imposed an eighty-four-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in counsel's opinion, there are no meritorious grounds for appeal, but raising the issue of whether Myers' sentence is substantively reasonable. Myers was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate

2

(or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

On appeal, Myers argues that his within-Guidelines sentence is substantively unreasonable because the district court rejected his argument that the illegal reentry Guideline, U.S. Sentencing Guidelines Manual § 2L1.2, lacks empirical support for the sixteen-level increase and the offense levels set by the Guideline do not rationally relate in terms of seriousness to other offenses. However, the presumption of reasonableness is not overcome simply because the district court failed to reject the policy of a Guideline. See United States v. Mondragon-Santiago, 564 F.3d 357, 365-67 (5th Cir. 2009) (explaining that, although "district courts certainly may

disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based"). On remand, the district court acknowledged Myers' arguments regarding USSG § 2L1.2 and its ability to vary from the Guidelines range based on those arguments, but it ultimately rejected those arguments. We conclude that Myers has not shown his sentence is unreasonable in this regard. Furthermore, in fashioning Myers' sentence, the district court set forth a sufficiently developed rationale to support the sentence, specifically addressing Myers' arguments for a lower sentence. We conclude that Myers' sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Myers, in writing, of his right to petition the Supreme Court of the United States for further review. If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Myers. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED